## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RAAK TECHNOLOGIES, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARX CRYPTOTECH, LP, A/K/A MARX DATA SECURITY GmbH, and MARX SOFTWARE SECURITY GmbH, a foreign Corporation,<br><br>    Defendants. | CIVIL ACTION NO. _____ |

## **COMPLAINT**

COMES NOW the Plaintiff, Raak Technologies, Inc., a Delaware corporation, ("Raak"), who by and through undersigned counsel state the following for its Complaint against Marx Cryptotech, LP, a/k/a Marx Data Security GmbH, and Marx Software Security GmbH:

### NATURE OF ACTION

1. This is a cause of action for (1) breach of a software licensing agreement; (2) trademark/service mark infringement under the federal Lanham Act, 15 U.S.C. §§ 1051–1127, and the Texas Trademark Act, Tex. Bus. & Com.Code Ann. §§ 16.01–.31; (3) copyright infringement related to the software,

1

under the federal Copyright Act, 17 U.S.C. §§ 102(b) and 103(a); (4) misappropriation of trade secrets in breach of the contract and in violation of the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Ann. § 134.002(2); (5) conversion; (6) unjust enrichment; and (7) declaratory relief establishing the rights of the parties under the contract and requiring a return of all software and related materials, pursuant to the Texas Uniform Declaratory Judgment Act (UDJA), Tex. Civ. Prac. & Rem.Code Ann. § 37.002(b).

## THE PARTIES

1.   The Plaintiff, Raak Technologies, is a Delaware corporation with its principal place of business located at 602 East 42nd Street, Austin, Texas, 78751 (hereinafter "Raak").

2.   The Defendants, Marx Cryptotech, LP, a/k/a Marx Data Security GmbH, and Marx Software Security GmbH (collectively "Defendants" and/or "Marx"), are on information and belief a single entity under common control and ownership, and operate as a Georgia limited partnership with its' primary office at all times relevant to the claims herein located at 3355 Annandale Lane, Suite 2, Suwanee, Georgia 30024.

3.   The Defendants may, on information and belief, be served through their Registered Agent in Georgia for service of process: Simone Von Werden Kraus, 1230 Peachtree Street, Suite 3100, Atlanta, GA 30309.

4. The Defendants maintain their website at Marx.com, with the Georgia address and information and common avail themselves of and conducted business in Georgia at all time relevant to Raak's claims against them, and are jointly severally, and individually, the same entity that contracted with Raak on May 1, 2006 by executing the Licensing Agreement attached hereto as Exhibit A ("Licensing Agreement"), and incorporated into each separate count of this Complaint the same as if set forth therein verbatim.

## JURISDICTION AND VENUE

5. This court has exclusive subject matter jurisdiction over the federal trademark and copyright infringement claims pursuant to the Copyright Act, 17 U.S.C. § 501 *et seq.*; the Lanham Act, 15 U.S.C. §§ 1051, 1125 and 28 U.S.C. § 1338.

6. Jurisdiction is also proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a).

7. The state law claims are also closely tied to the federal claims sufficient to exercise supplemental jurisdiction over them. 28 U.S.C. §1367.

8. Venue is proper pursuant to venue provisions in the Licensing Agreement, and because the Defendant resides in and conducts business in this jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because this is the judicial district here (i) a substantial part of the events or

omissions giving rise to the claims occurred; and (ii) where the Defendants, referred to collectively herein as "Marx", resides and/or conducts business.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9. In accordance with the Licensing Agreement that became effective May 10, 2006, and continuing to the present date with regard to software licenses and proprietary information, Raak licensed to Defendants two different kinds of software that interoperate: RaakSign middleware (section 1.2 of Licensing Agreement) and RaakSign Applets (1.5 of Licensing Agreement).

10. Marx, after the effective date of the Licensing Agreement, loaded the RaakSign Applets on their Cryptoken USB Token. With that token a user of the security software could then authenticate to a PC using the RaakSign Middleware.

11. The Raak software is generally used as and in conjunction with security software for secure transactions on certain types of accounts.

12. The license Raak granted to Marx was a "per seat" license, i.e., a license for one computer, and one token. (Section 1.9 and Section 2 of the Licensing Agreement).

13. The Licensing agreement sub-licensing requirements (Section 9), all designed and expressly agreed between Raak and Marx were reasonable given the proprietary nature of the Raak software, its results and tangible materials to the

benefit of the end users interfacing with the software, and trademarks for the Raak software product and related services.

14. Sections 3, 4, 11, 15 have unambiguous limitations and duties agreed to by Marx to keep the copyrighted materials and trademarks belonging to Raak confidential and used only under clear usage/licensing policies of Raak.

15. The termination provisions in section 14 of the Licensing Agreement prohibited any further sub-licensing or other use of the marks or software as otherwise was permitted under the Licensing Agreement prior to termination.

16. The confidentiality provisions and prohibitions against sale, or use of the marks and software survived the termination date of the Licensing Agreement.

17. Marx paid Raak $54,000 in license fees through termination of the licensing fees provisions only in February 2008.

18. Some time after February 2008, and continuing on information and belief into 2015, Marx licensed software from a third party called SafeSign that allegedly replaced RaakSign.

19. The SafeSign software is "backward compatible" with the RaakSign software, meaning that the new and current 2015 Marx Cryptokens using the SafeSign applets will work with and do work with the RaakSign middleware and visa versa.

20. In 2015, Raak discovered that Marx was still using and sub-licensing the Raak middleware, and using Raak's trademarks/service marks, with Software from Sony Mobile Communications Inc, and other places in violation of the Licensing Agreement.

21. Marx has used the Raak marks, and otherwise used the Raak products in violation of Sections 9, 11, and 15 of the Licensing Agreement, and have not paid the licensing fees due after February 2008, resulting in unpaid licensing fees of an estimated amount of not less than $255,000, dilution of the mark, and loss of copyright license fees in an amount to be determined by the enlightened conscience of a jury.

## COUNT I: BREACH OF CONTRACT

22. Raak incorporates paragraphs 1-21 into this count of the Complaint.

23. Marx breached the attached licensing agreement by failing to pay the licensing fees due after termination in February 2008. The Licensing Agreement requires the application of Texas law to disputes.

24. Marx breached paragraphs 11 (Trademarks and Copyrights) and 15 (Confidentiality and Intellectual Property Rights) by continuing to use, copy, disseminate, and sublicense the software after February 2008 without consent and without paying for it.

25. This has resulted in dilution of the "Raak" mark and confusion of the mark in the minds of customers or a likelihood of confusion by branding it with other products and services not approved by or affiliated with Raak and Raak's established name and services.

26. As a result of the breach of contract, Raak has been damages in an amount of not less than $255,000 in lost licensing fees and damages arising from unauthorized use of the software and marks.

## COUNT II: Trademark/service mark infringement under the federal Lanham Act, 15 U.S.C. §§ 1051–1127, and the Texas Trademark Act, Tex. Bus. & Com. Code Ann. §§ 16.01–.31

27. The Plaintiff incorporates paragraphs 1-26 into this count of the Complaint.

28. Marx infringed upon the "Raak" marks by using the "Raak" trademark after termination of the Licensing Agreement, and in conjunction with other software affiliations and third parties that was not approved by Raak.

29. The actions of Marx in use of the marks violations sections Sections 1125(a)(1) (A) and (B) of the Lanham Act prohibiting unauthorized publications of affiliations or other actions that dilute or alter the or is likely to confuse or mislead the public, dilution by blurring or tarnishment depending on the type of other software used, 1125(c), and companion provisions of the Texas Trademark Act.

30.	The Plaintiff is entitled to injunctive relief under section 1125(c)(1) prohibiting further use of the mark in such a way, damages under section 1114, destruction of infringing materials under section 1118, damages and attorney fees pursuant to section 1120 of the Lanham Act and companion provisions of the Texas Trademark Act.

### COUNT III: Copyright infringement under the Federal Copyright Act, 17 U.S.C. §§ 102(b) and 103(a)

31.	The Plaintiff incorporates paragraphs 1-30 above into this County.

32.	The Plaintiff had and has a valid copyright interest in the Raak middleware, including the operating system software, firmware, software user-interface, and manuals- and all other tangible media produced from the software, and that was licensed to Marx pursuant to the Licensing Agreement.

33.	Marx infringed on Marx's copyright interest by copying, disseminating and using the copyrighted materials, including the software itself, after February 2008 and continuing to the present date, without consent in violation of section 501(a) of the Copyright Act.

34.	The Plaintiff is entitled to return or destruction of the unauthorized duplicated copyright materials, plus lost profits in an amount of not less than $255,000, plus attorney fees. 17 U.S.C. §§ 501(a), 504(a)(1) (Damages and lost profits); 505 (attorney fees and costs).

## COUNT IV:  Misappropriation of trade secrets in breach of the contract and in violation of the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Ann. § 134.002(2)

35. The Plaintiff incorporates paragraphs 1-34 above into this count of the Complaint.

36. Paragraph 15 of the Licensing Agreement required Marx to treat information separate from and in addition to the copyrighted software materials as confidential trade secrets belonging to Raak. These trade secrets included proprietary and confidential business information relating to inventions or RaakSign Products.

37. Marx breach paragraph 15 and misappropriated the confidential business information belonging to Raak by continuing to use the Raak products and Confidential Information as defined in paragraph 15 of the Licensing Agreement and coordinating with other vendors after termination of the licensing agreement concerning the Raak software and business information.

38. As a result of Marx's misappropriation, Raak is entitled to lost profits of not less than $255,000, return of the information, and attorney fees permitted under the Act.

## COUNT V: Conversion

39. The Plaintiff incorporates paragraphs 1-38 above into this count of the Complaint.

40. The Plaintiff was the rightful owner of the software and Confidential information contained in the Licensing Agreement.

41. The Licensing Agreement was terminated, but Marx continued to use and benefit from the materials without express or implied consent, and converted such tangible property that was separate from the software within copyright laws to its' own benefit and use.

42. As a result of the Defendant's unlawful taking and conversion of the property, the Plaintiff Raak is entitled to a return of all such property, the damages arising as a result of the removal including lost profits, in an amount to be determined by a jury, plus attorney fees.

## COUNT VI: Unjust Enrichment

43. The Plaintiff incorporates paragraphs 1-42 into this count of the Complaint.

44. The Defendant Marx has been unduly and unjustly enriched by the non-payment of licensing fees otherwise due under the Licensing Agreement for all uses of the license and sub-licensing that took place after February 2008, but that it did not pay for.

45. As a result of Marx's action, the Plaintiff is entitled to all payment of all licensing fees that would have been due under the Licenses Agreement for uses

of the software and Confidential Information that took place after February 2008 without payment of the "per seat" licensing fees or approval as to the information.

46. The amount is estimated to be a total of unpaid licensing fees of not less than $255,000, plus attorney fees.

### COUNTY VII: Declaratory relief under Texas Uniform Declaratory Judgment Act (UDJA), Tex. Civ. Prac. & Rem.Code Ann. § 37.002(b).

47. The Plaintiff incorporates paragraphs 1-46 into this count of the complaint.

48. The Plaintiff seeks an order declaring the respective rights of the parties under the Licensing Agreement, for which a bona-fide controversy exists, and further declaring that it is the legal and lawful owner of all Raak trademarks, software, and Confidential Information stated in the Licensing Agreement, and that all licensing fees for the software that was used after February 2008 are due and payable to Raak from Marx.

WHEREFORE, the Plaintiff Raak Technologies, Inc. requests a jury trial of 12, and prays that it be awarded not less than $255,000 in lost profits and unpaid licensing fees, attorney fees, costs, and injunctive relief returning all software and other materials belonging to it and that was kept and used by Defendants in

violation of the Licensing Agreement, together with such further and additional relief the court deems appropriate.

Dated:  October 10, 2015

                                                    s/ Chris Denison
                                          Chris Denison, Ga. Bar. No. 510724
                                          Attorney for Plaintiff

11340 Lakefield Dr., Suite 200
Johns Creek, GA 30097
Phone: 678-367-8672
Fax: 678-802-4773
cdenison@denisonandassociates.com

## FONT CERTIFICATION

Under signed counsel certify that the foregoing Complaint, has been prepared with one of the font and point selections approved by the court in LR 5.1B or, if type written, that the brief does not contain more than 10 characters per inch of type.

                                                    s/ Chris Denison
                                          Chris Denison, Ga. Bar. No. 510724